SYSTEM STRUCTURES, INC., Respondent, v. BLAIR CHEVROLET, INC., Defendant-Third-Party Plaintiff-Appellant; FREDERICK T. BOCK et al., Third-Party Defendants-Respondents.— In an action by a building corporation to recover the unpaid balance due under a contract between it and the defendant corporation, BLAIR CHEVROLET, INC., the owner of certain premises, for

the construction of an automobile sales showroom and repair area upon said premises, in which the owner Blair counter-claimed for alleged defects in the construction of the building and at the same time instituted a third-party action against the architects, Bock and Fellman, as third-party defendants, for alleged defects in the plans and specifications for the building, the owner Blair appeals from an order of the Supreme Court, Nassau County, entered October 28, 1964 upon reargument, which: (1) vacated a prior order granting consolidation of two arbitration proceedings, one being between plaintiff and Blair and one between Blair and Bock, and denied such consolidation; (2) granted the motion of Bock and Fellman to compel arbitration between Blair and Bock and to stay the third-party action against them pending determination of said arbitration; and (3) directed that the action by plaintiff against Blair be determined prior to the arbitration between Blair and Bock. Order modified as follows: (1) by striking therefrom the second, fourth and fifth decretal paragraphs; and (2) by substituting therefor decretal provisions which: (a) grant the motion to compel arbitration between the defendant Blair and the third-party defendant Bock and to stay the third-party action between the said parties; (b) deny the motion to stay the prosecution of the third-party action against third-party defendant Fellman; and (c) direct that the differences between plaintiff and the defendant Blair be tried and determined together with the claim of defendant Blair against the third-party defendant Fellman. As so modified, the order is affirmed, without costs. In our opinion, the claims of the owner Blair against plaintiff builder and against architect Fellman as to who caused the alleged damage to the owner's building should be tried and determined together. We are also of the opinion that arbitration between owner Blair and architect Bock was properly directed. However, the consolidation of the two alleged arbitration proceedings (between plaintiff and Blair, and between Blair and third-party defendant Bock) was properly denied. Beldock, P. J., Ughetta, Christ, Hill and Rabin, JJ., concur.